

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable L. B. Fowler
County Attorney
Nacogdoches County
Nacogdoches, Texas

Dear Sir:

Opinion No. O-3080
Re: (a) Whether one drafted
into the United States
Army vacates the office
of Constable; (b) Wheth-
er, if a vacancy exists,
the commissioners' court
may declare the office
vacant and appoint a
successor.

This will acknowledge receipt of your letter of
January 20, 1941, requesting the opinion of this depart-
ment on the above stated questions. Your letter reads,
in part, as follows:

"Lynn Holmes of Precinct No. 1, Nacogdoches
County, Texas, was elected in the November elec-
tion as Constable of Precinct No. 1, Nacogdoches
County, Texas; that on or before the first day
of January 1941, he qualified as such constable
by taking the oath of office and filing his of-
ficial bond, which bond was approved by the Com-
missioners' Court; that he has recently been noti-
fied that he is drafted into the United States
Army for one years training, or more as an emerg-
ency may arise, that he will leave his office and
be inducted in the United States Army.

"Will his leaving the office create a vacancy
as Constable of Precinct No. 1, Nacogdoches County,
Texas; if this question is answered in the affir-
mative then, does the Commissioners' Court have the
power under the constitution and laws of this state
to declare a vacancy in the constables office of
Precinct No. 1, Nacogdoches County, Texas, and does
the Commissioners' Court under the constitution and

Honorable L. B. Fowler, Page 2

laws provide that the Commissioners Court can appoint a suitable man to fill the vacancy."

We shall set forth below the pertinent constitutional and statutory provisions:

"County Judges, county attorneys, clerks of the District and County Courts, justices of the peace, constables, and other county officers, may be removed by the Judges of the District Courts for incompetency, official misconduct, habitual drunkenness, or other causes defined by law, upon the cause therefor being set forth in writing and the finding of its truth by a jury." Article 5, Section 24, Constitution of Texas.

"All civil officers shall reside within the State; and all district or county officers within their districts or counties, and shall keep their offices at such places as may be required by law; and failure to comply with this condition shall vacate the office so held." Article 16, Section 14, Constitution of Texas.

"The court shall have power to fill vacancies in the office of: county judge, county clerk, sheriff, county attorney, county treasurer, county surveyor, county hide inspector, assessor of taxes, collector of taxes, justices of the peace, constables and county superintendent of public instruction. Such vacancies shall be filled by a majority vote of the members of said court present and voting, and the person chosen shall hold office until the next general election." Article 2355, Vernon's Annotated Civil Statutes.

"All district and county attorneys, county judges, commissioners, clerks of the district and county courts and single clerks in counties where one clerk discharges the duties of district and county clerk, county treasurer, sheriff, county surveyor, assessor, collector, constable, cattle and hide inspector, justice of the peace and all county officers now or hereafter existing by authority either of the Constitution or laws, may be removed from office by the judge of the district

court for incompetency, official misconduct or be-
coming intoxicated by drinking intoxicating liquor,
as a beverage, whether on duty or not; provided
such officer shall not be removed for becoming
intoxicated when it appears upon the trial of such
officer that such intoxication was produced by
drinking intoxicating liquors upon the direction
and prescription of a duly licensed practicing
physician of this State." Article 6970, Vernon's
Annotated Civil Statutes.

As we understand your request three questions are
presented: (1) Does a vacancy exist in the office of
Constable under the facts related? (2) May the commissioners'
court declare the office vacant? (3) May the commissioners'
court appoint a new Constable?

In Ehlinger v. Ranking, 9 C. A. 424, 29 S. W. 240,
the court held that under Section 24 of Article 5 of the Con-
stitution of Texas the commissioners' court has no jurisdic-
tion to determine whether a county officer, by changing his
residence, has vacated his office; that this jurisdiction
under the Constitution lies with the district court.

The court further held that while a judgment of the
district court declaring a vacancy is not necessarily a con-
dition precedent to the exercise of the appointive power by
the commissioners' court (under Article 5, Section 21 of the
Constitution, Article 2355, V.A.C.S., 1925) if a vacancy in
fact exists, the determination of the question of vacancy
can be made only by a district court.

Hamilton v. King (T.C.A. 1918) 206 S.W. 953, is an
almost identical case. In 1916 appellant Hamilton was
duly elected to the office of County Attorney, had entered
upon the duties of his office and had appointed a deputy.
In 1918 he was involuntarily inducted into the Army of the
United States of America; and in September of the same year
the commissioners' court declared the office of county
attorney to be vacant and appointed appellee King county
attorney notwithstanding that appellant Hamilton's deputy
or assistant attorney had at all times discharged (during
appellant's absence) the duties of the office.

In reversing and remanding the case for further
proceedings the court said:

"* * *. There can be no doubt of the correctness of the contention made by appellant that the commissioners' court of a county in this state has no authority or power to remove from office any county official or to declare a vacancy in any such office, but such authority seems to be vested alone in the district court, Constitution of the State of Texas, Art. 5 § 24. It is provided by Section 21 of the same Article of the Constitution, however, that, in case of a vacancy in the office of county attorney, the commissioners' court of such county shall have power to appoint a county attorney until the next general election. See also, Ehlinger v. Rankin, 9 Tex. Civ.App. 424, 29 S. W. 240. The question here to be determined is, not whether the commissioners' court of Sabine County was authorized to declare a vacancy in the office of county attorney of Sabine County, but the question is: Was there a vacancy in such office to be filled by that court by appointment at the time it undertook to do so by appointing the appellee to such office, and was such vacancy shown by the pleadings in this case?

"As stated above, it is alleged by appellant that he was a citizen of Sabine County, and that he was only temporarily absent from the county, and that he had never been in any manner impeached by any competent authority, nor his office declared vacant by any authorized tribunal, and that the duties of the office were still being discharged by him through his legally constituted assistant. On the other hand, the showing made by appellee in his answer was, not that appellant had removed permanently from Sabine County, but simply that he was absent from the county at the time of the action of the commissioners' court in declaring the office vacant and appointing appellee thereto, and that appellant had been so absent from said county since March before such action on the part of the commissioners' court in September following, and that such absence was caused by the fact that appellant had been inducted involuntarily into the Army of the

Honorable L. B. Fowler, Page 5

United States. This allegation of the answer
showed, of course, that appellant was actual-
ly absent from Sabine county at the time of
such action on the part of the commissioners'
court; but as to how long such absence would
continue was not shown, nor was any fact
alleged in the answer from which the dura-
tion of appellant's absence could be determin-
ed, other than the statement that he was in the
military service of the United States in-
voluntarily.

"After very careful investigation, we
have been unable to find any statute of this
state or provision of the Constitution which
declares that an absence from the county of
one of its officials, who shall be engaged as
a private soldier in the Army of the United
States, shall create a vacancy in the office
of such official; and, in the absence of any
such provision, we are of the opinion that
the commissioners' court in this instance had
no authority to declare the office of coun-
ty attorney vacant, and to appoint appellee
thereto, but that, in the absence of such pro-
vision, the authority to determine and declare
such question was vested in the district
court of Sabine County.

* * * *

"And so, it must be said here that the
mere involuntary absence of appellant from
Sabine County, as alleged in the answer of
appellee, with no further statement as to
the duration or probable duration of that
absence, did not, in our opinion, show a va-
cancy in the office of the county attorney and
authorizing the commissioners' court to ap-
point appellee to that office. We would not
be understood as holding that the facts and
circumstances touching appellant's absence
from said county under such circumstances
might not be shown to be such as to authorize
the district court of that county to declare
the office of county attorney vacant; but

such a showing has not been made by the pleadings in this case upon which alone the district judge acted in denying the temporary injunction, and for that reason we are of the opinion that, as the pleadings stood, appellant was entitled to the writ as prayed for, and that the district judge erred in denying same." (Underscoring ours)

It is our opinion that under the facts submitted to this department the Commissioners' Court of Nacogdoches County may not declare that a vacancy in the office of Constable and appoint a successor to the present incumbent.

It is our further opinion that under Section 24 of Article 5 of the Constitution of Texas and Articles 5970, et seq., Vernon's Annotated Civil Statutes, jurisdiction to determine the matter of vacancy in the office of Constable is vested in the district court. The suit is in the nature of a quo warranto and must be instituted and conducted in the name of the State of Texas by or under the direction of the county or district attorney. State v. Starnes (T.C.A.) 246 S. W. 424; Reeves v. State (T.C.A.) 258 S. W. 577; Johnson v. Mooney (T.C.A.) 241 S. W. 308.

You are further advised that in a suit to declare the office of constable vacant the one alleged to have vacated his office is entitled to a trial by a jury upon fact issues. Honey v. Graham, 39 Tex. 1; State v. O'Meara, (C.C.A., 1934) 74 S. W. (2d) 146. If upon the trial it is held that the office of constable is vacant the Commissioners' Court of Nacogdoches County may, acting pursuant to Article 2355, V.A.C.S., appoint a new constable to serve until the next general election.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By James D. Smullen
Assistant

THIS OPINION CONSIDERED AND APPROVED IN LIMITED CONFERENCE

JIS:eaw          APPROVED APR 3, 1941

Gerald C. Mann

ATTORNEY GENERAL OF TEXAS